PENNSYLVANIA CO. FOR INSURANCES ON LIVES AND GRANTING ANNUITIES v. UNITED STATES.

No. 1532.

District Court, E. D. Pennsylvania.

Nov. 7, 1942.

Saul, Ewing, Remick & Harrison and Francis H. Bohlen, Jr., all of Philadelphia, Pa., for plaintiff.

Thomas J. Curtin, Asst. U. S. Atty., and Gerald A. Gleeson, U. S. Atty., both of Philadelphia, Pa., and E. E. Angevine, Sp. Asst. to Atty. Gen., for defendant.

GANEY, District Judge.

The question here involved is substantially similar to that raised in Pennsylvania Company for Insurances on Lives and Granting Annuities, trustee under trust agreement dated August 9, 1932, as supplemented, with Capital Savings Plan, Inc., and the holders of the contract certificates issued thereunder, v. United States of America, D.C., 48 F.Supp. 873, and was presented by both the government and the petitioner in a single argument and both plans discussed together in their respective briefs.

In the instant case the certificates received by the investor were known as certificates and not contract certificates and the power of substitution given to the trustee was broader than that contained in the Capital Savings Plan, Inc., agreement, in that

substitution could be made with respect to shares already purchased as well as with respect to shares in the future, but in other respects the trust agreement was similar. The same legal question is involved, to wit: whether or not the trust agreement entered into between the Pennsylvania Company and the Wellington Foundation, Inc., should be classified as a trust or as an association within the meaning of Section 1001(a) (2) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code § 3797(a) (3), and similar provisions of subsequent acts.

In view of the similarity of the trust agreements, the same ruling is hereby made with respect to the instant case as that made with respect to Capital Savings Plan, Inc., and that opinion is adopted by reference here. This ruling is based on the power of substitution given the trustee enabling it to change investments, and thus, in reality, giving to the trustee a degree of management unlike that usually invested in the trustee of a simple trust, and, this, coupled with the other powers granted under the trust agreement, give it the corporate garb for taxation purposes. Judgment is entered for the defendant.